# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-01257 JGB(KKx) | Date | May 9, 2017 |
|---|---|---|---|
| Title | *Arturo Ramos v. DLI Properties, LLC, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DISMISSING Plaintiff's First Amended Complaint (Dkt. No. 59) and (4) VACATING the hearing on May 15, 2017 (IN CHAMBERS)**

       Plaintiff Arturo Ramos ("Plaintiff"), proceeding pro se, filed a complaint against DLI Properties, LLC ("DLI"), Nussbaum, APC ("Nussbaum"), Residential Credit Solutions, Inc. ("RCS"), Quality Loan Service Corp. ("Quality"), and Does 1–10 (collectively, "Defendants") on June 14, 2016. (Dkt. No. 1.) Then, on March 17, 2017, the Court granted Plaintiff leave to file a First Amended Complaint ("FAC") and filed the FAC that had been lodged with the Court.[1] (Dkt. Nos. 58, 59.) The FAC added a number of defendants. (See FAC at 1.)

       On March 31, 2017, Defendants Mortgage Electronic Registration System, Inc. ("MERS"), RCS, and The Bank of New York Mellon ("BNYM") filed a Motion to Dismiss the FAC. (Dkt. No. 60.) Subsequently, on April 4, 2017, Defendants DLI and Nussbaum filed a Motion to Dismiss the FAC. (Dkt. No. 62.) Plaintiff failed to timely file an opposition memorandum to either of the Motions.

       In light of Plaintiff's failure to oppose the present Motions to Dismiss, and the fact that Plaintiff has previously delayed this matter through his failure to timely prosecute,[2] the Court, on

---

[1] For a more detailed account of the procedural background see the Court's March 17, 2017 Order. (Dkt. No. 58.)

[2] Plaintiff failed to timely oppose several motions to dismiss by the original defendants, instead filing a Motion for Leave to File the FAC. Additionally, Plaintiff failed to timely file his

its own motion DISMISSES the FAC for failure to prosecute. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962) (stating courts have an inherent power to dismiss for lack of prosecution on its own motion). The clerk is directed to close this case.

**IT IS SO ORDERED.**

---

reply memorandums in support of his Motion for Leave to File, filing them only after the Court continued the hearing on the matter, along with objections to the defendants' oppositions. (<u>See</u> Dkt. Nos. 39-42, 44-46.)